IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPSTONE ASSET MANAGEMENT CO., LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> DEARBORN CAPITAL GROUP LLC AND OREN RICHLAND, <br><br> *Defendants.* | Civil Action No. 1:21-cv-00997-DLC <br><br> **JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, by and among the Parties hereto, through their undersigned counsel, that the following provisions of this Joint Stipulation and Protective Order (the "Stipulation and Order" or "Order") govern disclosure and use by the Parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-captioned action (the "Action") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

1. A Party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Producing Party."

2. A Party, person, or entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

3. All Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

4. Either Party may designate Discovery Material it produces in connection with this Litigation as "Confidential" either by notation on the document, statement on the record of the

deposition, written notice to counsel for the Parties hereto, or by other appropriate means. In the case of documents produced in native, electronic form, the confidentiality can be designated on the placeholder sheet produced along with that document, or in a confidentiality metadata field.

    5.    Any Producing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material, and all information contained therein, that the Producing Party reasonably and in good faith believes constitutes and/or contains information that is Confidential under statute, rule or other applicable law, including documents, information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publicly available, or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rule of Civil Procedure. Notwithstanding the foregoing, a Producing Party may not designate as confidential any documents that have been made publicly available, including through unsealed court filings and/or other similar means by which information was placed in the public domain.

    6.    Discovery Material designated "Confidential" (a "Designation") shall be referred to herein as "Designated Discovery Material." Any Discovery Material given a Designation (other than ESI produced in native electronic form) shall be so designated by marking each page of such material with a notice marked with the appropriate Designation or, in the case of depositions, as set forth in Paragraph 12 below. ESI given a Designation shall be so designated by either (1) including such notice of the appropriate Designation in the body of the electronic document, or (2) affixing a stamp with such notice on the medium on which the electronic data is stored when copies are delivered to a Receiving Party. Print-outs of any such ESI identified as Designated Discovery Material shall also be treated in accordance with the terms of this Stipulation and Order.

7.  The Designation of any Discovery Material is not intended to and shall not be construed as an admission that the Discovery Material is properly discoverable, relevant, or admissible. This Stipulation and Order is without prejudice to any Producing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the an attorney-client privilege, the common interest privilege, the work-product doctrine ("Privileged Material"), and is without prejudice to any other Party's right to contest such a claim of privilege or protection.

8.  This Order is entered pursuant to Federal Rule of Evidence 502(d). The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is Privileged Material, and no Party shall have waived any claims or arguments under the inadvertent production doctrine. By entering this Protective Order, the Court intends to provide the maximum protection allowed by Rule 502(d). If a Rule 502(d) Order is entered in this Action, then to the extent the Receiving Party contests any claim of privilege or immunity from discovery, the Receiving Party shall follow procedures set forth in the Rule 502(d) Order.

9.  In the event that a Producing Party discovers it has inadvertently disclosed Privileged Material, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the Privileged Documents. Upon such notice, the Receiving Party's treatment of the materials will be in accordance with Federal Rule of Civil Procedure 26(b)(5). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. During the course of the challenge, the

Receiving Party shall not make use of the Privileged Materials and shall segregate them in a manner that will prevent further disclosure of dissemination until a determination is made as to the appropriateness of the privilege claim. To the extent the Receiving Party provided any disclosed Privileged Material to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve such Privileged Material and notify the Producing Party that it has done so. The Party clawing back the inadvertently produced documents will provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege.

10. The Parties will exchange privilege logs in a timely fashion to ensure that there is reasonable time for the resolution of any privilege disputes, and the production of any documents in connection with such resolution, prior to the close of fact discovery. The Parties shall meet and confer in good faith regarding the format of the privilege logs.

11. If a Producing Party inadvertently discloses Designated Discovery Material without designating it as such, the Producing Party shall promptly inform the Receiving Party of such inadvertent disclosure within ten (10) business days of discovering the inadvertent disclosure. The Receiving Party shall thereafter treat the information as Designated Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Designated Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to timely advise the Receiving Party of such inadvertent disclosure shall not constitute a waiver or admission by the Producing Party that such information is not Designated Discovery Material, except where (a) the Producing Party fails to timely advise the Receiving Party of such Designation within ten (10) business days after the Discovery Material is used in a court filing or proceeding, or (b) the Discovery Material is used in

4

a deposition and the Producing Party fails to timely designate such deposition as "Confidential" as provided in Paragraph 12 below.

12. A Producing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition with the appropriate Designation, as necessary, under the terms of this Stipulation and Order. Until thirty (30) days after the receipt of the deposition transcript, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain material identified as Designated Discovery Material shall be prominently marked with the appropriate Designation on the cover thereof. Objections to the Designation of Discovery Material under this paragraph shall be governed by the procedure set forth in Paragraph 17 below.

13. Except upon the prior written consent of the Producing Party, Designated Discovery Material marked "Confidential" shall not be disclosed, summarized, or otherwise made available to anyone except the following persons:

    a. The named Parties in this Action (including employees of the named Parties);

    b. Counsel for the Parties to this Litigation and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

    c. The Court and court personnel, including any appellate court, in this Action;

    d.    The Parties' in-house counsel participating in the prosecution and defense of this Action, and their legal, clerical, or support staff, including temporary or contract staff;

    e.    The Parties' outside counsel participating in the prosecution and defense of this Action, and their legal, clerical, or support staff, including temporary or contract staff;

    f.    Professional court reporters, stenographers, or video operators transcribing depositions or testimony in this Action;

    g.    Persons who are indicated to have been authors or recipients of the Confidential or otherwise Designated Discovery Material;

    h.    Expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Action, provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any report created by such expert or consultant relying on or incorporating Confidential or otherwise Designated Discovery Material in whole or in part shall be designated as "Confidential" by the Party responsible for its creation;

    i.    Deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this sub-paragraph shall not be permitted to retain copies of such Confidential or otherwise Designated Discovery Materials;

    j.    Third-party vendors, outside photocopying, data processing, graphic production services, litigation support services, or investigators employed by the Parties or

their counsel to assist in this Action and computer personnel performing duties in relation to a computerized litigation system;

  k. Any mediator or arbitrator engaged by the named Parties to the Action; and

  l. Any other person agreed to by the Parties.

14. Any person receiving Designated Discovery Material shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

15. Extracts or summaries of Designated Discovery Material shall also be treated as "Confidential" in accordance with the provisions of this Stipulation and Order.

16. If, at any time, any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative, or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed, to the extent permitted by law, shall promptly give written notice to the Producing Party and include with such notice a copy of the subpoena or request. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena. In no event shall Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena without providing the Producing Party an opportunity to quash or object, absent a court order to do so.

17. No Party shall be obligated to challenge the propriety of a Designation of Discovery Materials when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a Party objects to a Designation of Discovery Materials under this Stipulation and Order, the objecting Party shall notify the Producing Party in writing. Within three

(3) business days of the receipt of such notification, counsel for the Producing Party and the objecting Party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's Designation of the Discovery Materials. If, for whatever reason, the Parties do not resolve their disagreement within that time period, the Parties shall promptly file a joint letter with the Court describing the dispute under Rule 2C of the Court's Individual Practice Rules. The Producing Party shall have the burden of showing that the document or information was appropriately designated as "Confidential." While any such application is pending, the documents or materials subject to that application will retain its Designation until the Court rules on the dispute. Nothing in this Stipulation and Order shall be construed as preventing any Party from objecting to the Designation of any Discovery Materials, or as preventing any Party from seeking further protection for any material produced in discovery.

18. In the event that counsel for any Party or non-party determines to file or submit to this Court any Discovery Material with a Designation, any information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Designated Discovery Material shall be filed under seal upon motion, consistent with the requirements of Rule 8 of the Court's Individual Practice Rules. All materials filed under seal shall be available to the Court and to counsel for the Parties for viewing and/or copying. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not "Confidential" and need not be preserved under seal. Redacted pages shall be filed in the public record.

19. After the termination of the Action (including after all appeals relating to the Action have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Designated Discovery

Material has been disclosed or communicated, and this Court shall retain jurisdiction over the Parties for enforcement of its provisions.

20. Within thirty (30) calendar days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Parties shall take commercially reasonable efforts to see that all reasonably accessible copies of Designated Discovery Material shall either be (a) destroyed, and the Producing Party provided with a certification stating that the Producing Party's documents have been destroyed; or (b) returned to the Producing Party. As to those materials containing Designated Discovery Material that constitute counsel's work product, were served in the Action, were filed with the Court, and/or were marked as deposition or trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Stipulation and Order with respect to such retained material.

21. The provisions of this Stipulation and Order shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

22. This Stipulation and Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

23. This Stipulation and Order may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions

on the use or disclosure by a Party of documents, materials, or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

25. This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other Party to modify this Order, subject to approval of the Court.

26. This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the Parties regarding this Stipulation and Order shall be resolved by making an appropriate application to this Court.

27. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation among the Parties immediately upon its execution.

So ordered.

*[signature]*
6/18/21

Dated: June 15, 2021
New York, New York

/s/ Lee H. Rubin                              /s/ Gayle Pollack


MAYER BROWN LLP                               MORRISON COHEN LLP
Lee H. Rubin (admitted *pro hac vice*)        Gayle Pollack
Two Palo Alto Square, Ste. 300                Latisha V. Thompson
3000 El Camino Real                           909 Third Avenue
Palo Alto, California 94306                   New York, New York 10022
Telephone: (650) 331-2000                     Telephone: (212) 735-8600

Michelle J. Annunziata                        *Attorneys for Defendants*
Whitney A. Suflas
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500

*Attorneys for Plaintiff*


                                              **SO ORDERED.**


                                              _____
                                              DENISE COTE
                                              United States District Judge